# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1715 PA (SKx) | Date | April 10, 2018 |
|---|---|---|---|
| Title | Jesus Garcia Muniz v. UtiliQuest, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Remand filed by Jesus Garcia Muniz ("Plaintiff"). (Docket No. 12.) Defendant UtiliQuest, LLC ("Defendant") has filed an Opposition. (Docket No. 21.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. No further briefing is necessary. The hearing calendared for April 30, 2018, is vacated, and the matter taken off calendar.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

On December 1, 2017, Plaintiff filed his putative class action Complaint against Defendant in Los Angeles County Superior Court. (Docket No. 1 ("Notice of Removal II"), Ex. B.) Each of Plaintiff's claims is for a violation of the California Labor Code and/or Industrial Welfare Commission Wage Orders. (See id.) Defendant filed its first Notice of Removal on February 27, 2018, alleging that this Court had jurisdiction pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d). (See Jesus Garcia Muniz v. UtiliQuest, LLC (Muniz I), 2:18-cv-1594 PA (SKx) (C.D. Cal.), Docket No. 1 ("Notice of Removal I") ¶ 5.) In a February 27, 2018 order, this Court remanded the action because Defendant had failed to properly allege its own citizenship or that of the Plaintiff. As a result, defendant had not established minimal diversity as required for CAFA jurisdiction. (See Muniz I, Docket No. 8 ("Remand Order").) The same day, Defendant filed its second Notice of Removal. (Docket No. 1.) Plaintiff filed this Motion to Remand arguing, inter alia, that Defendant's second Notice of Removal is based on the same grounds as the initial Notice of Removal, and thus, it is an improper successive removal.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 18-1715 PA (SKx) | Date | April 10, 2018 |
|---|---|---|---|
| Title | Jesus Garcia Muniz v. UtiliQuest, LLC, et al. | | |

CAFA provides that district courts have original jurisdiction over any class action in which (1) the amount in controversy exceeds five million dollars, (2) any plaintiff class member is a citizen of a state different from any defendant, (3) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief, and (4) the number of plaintiffs in the class is at least 100. 28 U.S.C. §§ 1332(d)(2), (d)(5). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). A person is domiciled in the place he resides with the intent to remain or to which he intends to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("[T]he relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company . . . ."); Handelsman v. Bedford Vill. Assocs., Ltd. P'ship, 213 F.3d 48, 51–52 (2d Cir. 2000) ("[A] limited liability company has the citizenship of its membership . . . ."); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction.").

A second removal is permissible when made on new grounds arising from subsequent pleadings or events. See Peabody v. Maud Van Cortland Hill Schroll Trust, 892 F.2d 772, 776 (9th Cir. 1989); Reyes v. Dollar Tree Stores, Inc., 781 F.3d 1185, 1188 (9th Cir. 2015) ("A successive removal petition is permitted only upon a 'relevant change of circumstances'—that is, 'when subsequent pleadings or events reveal a new and different ground for removal.'" (quoting Kirkbride v. Cont'l Cas. Co., 933 F.2d 729, 732 (9th Cir. 1991)); One Sylvan Rd. N. Assocs. v. Lark Int'l, Ltd., 889 F. Supp. 60, 62–63 (D. Conn. 1995) (same). However, a party cannot remove a case twice based on the same grounds. See Seedman v. U.S. Dist. Court, 837 F.2d 413, 414 (9th Cir. 1988) ("[A] second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction."); see also Reyes, 781 F.3d at 1189 ("Of course, defendants are not entitled to more than one bite at the apple . . . ."). Indeed, a second attempt at removal is justified only when there has been a "substantial change in the nature of the instant case since it was last in this court." One Sylvan, 889 F. Supp. at 64.

Defendant filed this Notice of Removal in an apparent attempt to cure the defects identified by the Court. Unlike the first Notice of Removal, which incorrectly alleged Defendant's citizenship as if it were a corporation, Defendant now identifies the citizenship of Defendant by that of its sole member. (Compare Notice of Removal I ¶¶ 7–8, with Notice of Removal II ¶ 10.) However, Defendant has received no new paper or evidence concerning its own citizenship. Nor could it; a defendant is presumed to know the facts surrounding its own citizenship. See, e.g., Dugdale v. Nationwide Mut. Fire

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1715 PA (SKx) | Date | April 10, 2018 |
|---|---|---|---|
| Title | Jesus Garcia Muniz v. UtiliQuest, LLC, et al. | | |

Ins. Co., No. Civ. A. 4:05 CV 138, 2006 WL 335628, at *5 (E.D. Va. Feb. 14, 2006) ("[A]lthough . . . a defendant need not investigate a plaintiff's citizenship, certainly a defendant is responsible for knowing its own citizenship, and could not ignore such only to later claim that subsequent documents revealed to the defendant its own citizenship."); Day v. Zimmer, Inc., 636 F. Supp. 451, 453 (N.D.N.Y. 1986) (finding that, even if plaintiff misidentifies a defendant's address, "obviously defendant is in the best position to know its residence for diversity purposes"). Defendant's revised allegations about its own citizenship do not constitute a new and different ground for removal and are not based on a substantial change in the nature of the case since it was last in this Court. See Leon v. Gordon Trucking, Inc., 76 F. Supp. 3d 1055, 1064–68 (C.D. Cal. 2014) (remanding successive removal where second removal cured failure in initial notice of removal to allege defendant's own citizenship). Here, Defendant failed to provide proper support for a proper successive removal. Therefore, Defendant has impermissibly attempted to remove this action twice on the same grounds.

      Accordingly, the Court finds Defendant's second Notice of Removal procedurally defective, and grants Plaintiff's Motion to Remand. See 28 U.S.C. § 1447(c). The Court remands this action to Los Angeles County Superior Court, Case No. BC685160. The Court declines to award fees to Plaintiff caused by Defendant's filing of the Notice of Removal in this instance because the filing of the Notice of Removal was not objectively unreasonable. See Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."). The scheduling conference on calendar for April 16, 2018, is vacated.

      IT IS SO ORDERED.